**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MELANIE ADAMS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO.** |
| **HOUSTON METHODIST HOSPITAL** | § | **4:26-cv-02378** |
| and **SARAH LOEWY**, in her individual | § | |
| capacity, | § | |
| **Defendants.** | § | |
| | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**
**(Jury Trial Demanded)**

---

COMES NOW **Plaintiff MELANIE ADAMS** ("Plaintiff"), by and through undersigned counsel, and files this *Original Complaint* against **Defendants HOUSTON METHODIST HOSPITAL** and **SARAH LOEWY**, and for cause of action would respectfully show the Court as follows:

## I. INTRODUCTION

1. This is an action for race discrimination, retaliation, hostile work environment, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, as well as interference and retaliation in violation of the Family and Medical Leave Act.

2. Plaintiff Melanie Adams, a Black female healthcare leader, was subjected to racially discriminatory conduct, retaliated against for engaging in protected activity, and

ultimately forced to resign when Defendants' retaliatory and discriminatory conduct rendered her continued employment untenable.

3. Despite Plaintiff's repeated complaints to Human Resources regarding discriminatory and retaliatory conduct, Defendants failed to take corrective action and instead escalated their unlawful conduct.

4. Defendants' actions caused Plaintiff severe emotional distress, required medical treatment, and deprived her of the benefits of her employment and protected medical leave.

5. As a direct result of Defendants' unlawful conduct, Plaintiff suffered damages including lost wages, loss of career opportunities, and significant mental anguish.

## II. JURISDICTION AND VENUE

6. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

8. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because the unlawful employment practices complained of herein occurred in this District, specifically in Houston, Texas.

## III. PARTIES

9. Plaintiff Melanie Adams is an individual and resident of the State of Texas.

10. Defendant Houston Methodist Hospital is a business entity doing business in Harris County, Texas and may be served with process at 6565 Fannin Street, Houston, Texas 77030, or wherever it may be found.

11. Defendant Sarah Loewy is an individual who, upon information and belief, resides in Texas and may be served with process at 4309 Bellaire Boulevard, Bellaire, Texas 77401, or wherever she may be found.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 460-2025-03523.

13. The EEOC issued a *Notice of Right to Sue* on January 5, 2026, a true and correct copy of which is attached hereto as Exhibit A.

14. Plaintiff has filed this lawsuit within ninety (90) days of receipt of that Notice and has satisfied all administrative prerequisites to suit.

## V. FACTUAL ALLEGATIONS

### *A. Plaintiff's Employment*

15. Plaintiff Melanie Adams is a highly qualified Black female healthcare professional who was employed by Defendant Houston Methodist Hospital in a managerial role within the Access & Throughput Center.

16. During her employment, Plaintiff was pursuing a Doctor of Nursing Practice degree, an advanced terminal degree in her field, with tuition assistance provided by Defendant.

17. Plaintiff successfully completed her doctoral degree following her constructive separation from Defendant.

18. Plaintiff consistently performed her duties competently and was entrusted with significant operational and leadership responsibilities, including staffing coordination and hospital throughput management.

19. Despite Defendant's agreement to financially support Plaintiff's educational advancement, Defendant refused to pay for Plaintiff's final semester after forcing her constructive separation, causing Plaintiff additional financial harm.

### *B. Racially Discriminatory Conduct*

20. During her employment, Plaintiff was subjected to racially discriminatory conduct by members of Defendant's leadership.

21. On or about August 23, 2024, a senior executive made a derogatory and racially charged remark to Plaintiff, stating in substance, "you are smarter than you look – it's your hair that makes me think that," before attempting to retract the statement.

22. This comment targeted Plaintiff's natural hair, a characteristic closely associated with her race, and constitutes direct evidence of discriminatory animus within Defendant's leadership.

### *C. Protected Activity*

23. Plaintiff engaged in protected activity by reporting race-based misconduct and discriminatory treatment to Human Resources.

24. Plaintiff specifically complained about racially charged and abusive conduct by Defendant Loewy and other leadership personnel.

25. Plaintiff submitted complaints through internal channels, including communications with Human Resources personnel, and followed up on multiple occasions when no meaningful action was taken.

26. Defendant, through its Human Resources department, was therefore on actual notice of Plaintiff's complaints of discrimination and retaliation.

### *D. Retaliation*

27. Shortly after Plaintiff engaged in protected activity, Defendants began subjecting her to retaliatory treatment.

28. Plaintiff reported retaliation on or about January 30, 2025.

29. Human Resources closed its investigation on February 6, 2025 without taking corrective action.

30. On February 7, 2025 – less than twenty-four (24) hours after the closure of the investigation – Defendant Loewy issued Plaintiff a formal written warning.

31. The temporal proximity between Plaintiff's protected activity, the conclusion of the investigation, and the issuance of discipline evidences retaliatory motive.

32. The retaliatory actions against Plaintiff continued throughout her employment period of medical leave, culminating in her constructive discharge.

### *E. Pretext and Disparate Treatment*

33. The discipline issued to Plaintiff was pretextual and based on false or exaggerated allegations regarding her conduct and authority.

34. Defendants accused Plaintiff of making improper staffing decisions and acting outside her authority, despite contemporaneous communications demonstrating that Plaintiff acted within established protocols and relied on information provided by other staff members.

35. Plaintiff did not possess the authority attributed to her by Defendants, and the allegations against her were inconsistent with her role and responsibilities.

36. These shifting and unsupported explanations demonstrate that Defendants' stated reasons for discipline were not the true reasons but were instead a pretext for unlawful discrimination and retaliation.

### F. *PTO Manipulation*

37. Following Plaintiff's protected activity, Defendants retroactively altered Plaintiff's paid time off classification.

38. Plaintiff's previously approved time was changed to an "unscheduled" designation in a manner inconsistent with Defendant's prior practices and policies.

39. Human Resources later directed that the change be corrected, implicitly acknowledging that the modification was improper.

40. This selective enforcement of attendance and PTO policies further evidences retaliatory intent.

### *G. Promotion Interference*

41. Plaintiff applied for advancement opportunities for which she was qualified and had been encouraged to pursue.

42. Upon information and belief, Defendant Loewy provided negative or misleading input regarding Plaintiff to decision-makers involved in the hiring process.

43. Plaintiff was denied advancement under circumstances giving rise to an inference of discrimination and retaliation.

### *H. Hostile Work Environment*

44. Defendants subjected Plaintiff to a hostile work environment based on her race and protected activity, including but not limited to:

   a. Racially charged remarks;

   b. Undermining of Plaintiff's authority;

   c. Heightened scrutiny; and

   d. Unjustified discipline.

45. This conduct was severe and pervasive and altered the terms and conditions of Plaintiff's employment.

### *I. FMLA Leave and Interference*

46. Plaintiff suffered from a serious health condition stemming from the hostile work environment perpetuated by Defendants Lowey and Houston Methodist Hospital which required medical treatment and leave.

47. Plaintiff began protected medical leave on or about February 11, 2025.

48. Plaintiff remained under medical care through April 2025 and was required to obtain medical clearance prior to returning to work.

49. Plaintiff was medically cleared to return to work on or about April 18, 2025.

50. Defendants interfered with Plaintiff's FMLA rights including but not limited to:

   a. Manipulating attendance and PTO coding;

   b. Failing to properly administer protected leave; and,

   c. Creating conditions that discouraged Plaintiff's return to work.

***J. FMLA Retaliation***

51. Defendants retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

52. The adverse actions taken against Plaintiff were part of a continuous course of retaliatory conduct.

***K. Constructive Discharge***

53. As a direct result of Defendants' conduct, Plaintiff suffered severe emotional distress requiring medical treatment, therapy, and medication.

54. Plaintiff's healthcare provider advised that returning to work would pose a serious risk to her mental health.

55. On April 20, 2025, immediately following the conclusion of her medical leave period, Plaintiff resigned.

56. In her resignation, Plaintiff expressly informed Defendant that she could not return

to a workplace where retaliation was permitted to continue without intervention.

57. Defendants' actions created intolerable working conditions such that a reasonable employee would have felt compelled to resign.

## VI. CLAIMS FOR RELIEF

**CLAIM I – Race Discrimination** *(Title VII and 42 U.S.C. §1981)*

58. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

59. Plaintiff is a member of a protected class based on her race.

60. Plaintiff was qualified for her position and performed her job duties satisfactorily.

61. Plaintiff was subjected to adverse employment actions, including discipline, denial of advancement opportunities, and constructive discharge.

62. The adverse actions taken against Plaintiff occurred under circumstances giving rise to an inference of discrimination, including racially discriminatory remarks and disparate treatment.

63. Defendants' conduct was intentional and undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

64. Defendant Houston Methodist Hospital is liable for discrimination under Title VII and 42 U.S.C. §1981.

65. Defendant Sarah Loewy is liable under 42 U.S.C. §1981 for her individual role in the discriminatory conduct.

**CLAIM II – Retaliation** *(Title VII and 42 U.S.C. §1981)*

66. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

67. Plaintiff engaged in protected activity by opposing and reporting unlawful discrimination and retaliation.

68. Defendants were aware of Plaintiff's protected activity.

69. Defendants subjected Plaintiff to materially adverse actions, including but not limited to discipline, increased scrutiny, interference with advancement, and constructive discharge.

70. The adverse actions occurred in close temporal proximity to Plaintiff's protected activity and were causally connected to that activity.

71. Defendants' stated reasons for their actions were pretextual and not the true reasons for the adverse treatment.

72. Defendant Houston Methodist Hospital is liable under Title VII and 42 U.S.C. §1981, and Defendant Loewy is liable under §1981 for her role in the retaliatory conduct.

**CLAIM III – Hostile Work Environment** *(Title VII and 42 U.S.C. §1981)*

73. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

74. Plaintiff was subjected to unwelcome harassment based on her race.

75. The harassment included racially charged remarks, ongoing scrutiny, undermining of Plaintiff's authority, and retaliatory conduct.

76. The harassment was severe or pervasive and created a work environment that a reasonable person would find hostile or abusive.

77. The conduct altered the terms and conditions of Plaintiff's employment.

78. Defendants knew or should have known of the harassment and failed to take prompt and effective remedial action.

79. Defendant Houston Methodist Hospital is liable under Title VII and §1981, and Defendant Loewy is liable under §1981 for her participation in the hostile conduct.

**CLAIM IV – FAMILY MEDICAL LEAVE ACT ("FMLA") INTERFERENCE**

80. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

81. Plaintiff was an eligible employee under the FMLA, and Defendant Houston Methodist Hospital was a covered employer.

82. Plaintiff was entitled to take protected medical leave due to a serious health condition.

83. Plaintiff provided sufficient notice of her need for leave.

84. Defendant interfered with Plaintiff's FMLA rights by failing to properly administer her leave, manipulating attendance and PTO classifications, and denying Plaintiff the full benefit of her protected leave.

85. Defendant's conduct discouraged Plaintiff from returning to work and interfered with her right to reinstatement.

86. As a result, Plaintiff suffered damages.

**CLAIM V – FMLA RETALIATION**

87. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

88. Plaintiff engaged in protected activity under the FMLA by taking or attempting to take protected medical leave.

89. Defendant Houston Methodist Hospital subjected Plaintiff to adverse employment actions.

90. The adverse actions were causally related to Plaintiff's exercise of FMLA rights.

91. Defendant's conduct was willful and in violation of the FMLA.

92. As a result, Plaintiff suffered damages.

## VII. DAMAGES

93. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to:

a. Back pay, including lost wages, salary, and employment benefits;

b. Front pay and loss of future earning capacity;

c. Loss of employment benefits, including but not limited to health insurance and retirement benefits;

d. Out-of-pocket expenses, including medical and mental health treatment costs;

e. Emotional distress, mental anguish, humiliation, and loss of enjoyment of life;

f. Loss of professional reputation and standing within the healthcare community;

g. Loss of career advancement opportunities;

h. Loss of educational benefits, including tuition assistance that Defendant failed to provide for Plaintiff's final academic term; and

i. Other economic and non-economic damages to be proven at trial.

94. Plaintiff seeks compensatory damages, liquidated damages under the FMLA, and punitive damages under applicable law to the fullest extent permitted.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and that upon final trial, Plaintiff recover:

a. Judgment against Defendants for all damages available under Title VII, 42 U.S.C. §1981, and the FMLA;

b. Back pay, front pay, and all other forms of equitable relief;

c. Compensatory damages for emotional distress and other non-economic harm;

d. Punitive damages as permitted by law;

e. Liquidated damages under the FMLA;

f. Attorneys' fees, expert fees, and costs of court;

g. Pre-judgment and post-judgment interest as allowed by law; and

h. Such other and further relief to which Plaintiff may show herself justly entitled.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date 03/24/2026

Respectfully Submitted,

*/s/Courtney A. Vincent*

**Courtney A. Vincent**
Minnesota Bar No. 0403083
SDTX Bar No. 3746531
info@vincentlawpllc.com
**Vincent Civil Rights – a Division of VINCENT LAW, PLLC**
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
**Mailing Address:**
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
Fax: (832)603-4444
**COUNSEL FOR PLAINTIFF**